UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JEFFREY JOHNSON,

      Petitioner,

v.                               Case No. 8:08-cv-1439-T-23TGW

SECRETARY, Department of Corrections,

      Respondent.

_____/


**O R D E R**

Johnson petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his conviction for several sex offenses committed against his step-daughter, for which conviction Johnson serves twenty-eight years. Both the conviction and the sentence were negotiated in a plea agreement. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 22) The respondent admits the petition's timeliness. (Response at 5 Doc. 20)

**FACTS**[1]

A six-count information charged Johnson with two counts each of sexual battery of a minor below the age of twelve, sexual battery of a person twelve years of age or older, and possession of child pornography. The sexual batteries occurred during both the year before the victim's twelfth birthday and the month following that birthday.

_____

[1] This summary of the facts derives from the factual basis recited when Johnson pleaded nolo contendere. (Respondent's Exhibit 1 at 17-18)

Johnson's conduct was discovered when family members found inappropriate photographs of the child-victim. The police interviewed the victim, who revealed that Johnson took the photographs and that other photographs were more graphic, showing Johnson and the victim engaging in sex acts. While in jail Johnson admitted to both the sexual misconduct and the possession of the pornographic photographs.

Johnson negotiated a twenty-eight-year sentence (reduced from life) by pleading <u>nolo</u> <u>contendere</u> to two counts of <u>attempted</u> sexual battery of a minor below the age of twelve (instead of two counts of sexual battery of a minor below the age of twelve).

## <u>PROCEDURALLY DEFECTIVE CLAIMS</u>

Johnson's decision to plead <u>nolo</u> <u>contendere</u> dramatically altered his right to challenge his conviction. Johnson's <u>nolo</u> <u>contendere</u> plea is treated as a guilty plea. <u>See</u> <u>Wallace v. Turner</u>, 695 F.2d 545, 548 (11th Cir. 1982), <u>citing</u> <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970). According to <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973), a guilty plea waives a non-jurisdictional defect:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

This waiver of rights precludes most challenges to the conviction. "A defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992). This waiver includes a claim of ineffective assistance of counsel based on a pre-plea issue:

In his habeas petition, Hutchins alleges that his trial counsel was ineffective for failing to explicitly define and advise him of a statute of limitations defense prior to advising him to waive that defense and plead guilty. Hutchins's voluntary guilty plea, however, waived any ineffective assistance of counsel claim.

Hutchens v. Sec'y, Dep't of Corr., 273 Fed. App'x 777, 778 (11th Cir.), cert. denied, 555 U.S. 857 (2008). Consequently, the entry of a plea waives both a substantive claim and a purported failing of counsel that occurred before acceptance of the plea.

Johnson's federal petition presents twelve allegations of ineffective assistance of trial counsel. The first ten grounds, each alleging a failing of counsel before the plea, specifically assert that counsel was ineffective for failing (1) to investigate and move to suppress Johnson's allegedly coerced statements, (2) to fingerprint the photographs, (3) to test the victim's competency, (4) to move to dismiss the charges for lack of evidence, (5) to move to suppress Johnson's telephone conversations with his sister while he was in jail, (6) to investigate the truthfulness of the victim's allegations, (7) to move to dismiss some charges based on double jeopardy, (8) to move to dismiss some charges based on the victim's age, (9) to interview individuals Johnson identified as favorable defense witness, and (10) to object to the state's version of the facts.

The state post-conviction court ruled that Johnson's plea waived each claim. (Respondent's Exhibit 5) Johnson admitted during the plea colloquy that he understood he was waiving certain rights, specifically including the right to call defense witnesses and present a defense. (Respondent's Exhibit 1 at 9 and 11) Johnson also admitted satisfaction with defense counsel's performance, specifically that counsel had both investigated and provided him with everything he had requested. (Respondent's Exhibit 1 at 9-10) Becasue none of the asserted grounds presents a jurisdictional claim,

Johnson's plea precludes pursing each of the ten grounds because each alleges deficient performance that occurred before the plea. Johnson is, however, entitled to review on grounds eleven and twelve.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Johnson's claims. Wilcox v. Florida Dep't of Corr., 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000). Section 2254(d), which creates a highly deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a

- 4 -

conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. at 694. "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." Harrington v. Richter, ___ U.S. ___, 131 S. Ct. 770, 786-87 (2011). Accord Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide."). The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." Williams v. Taylor, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case. "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Federal courts must defer to a state court's decision. "AEDPA prevents defendants—and federal courts—from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." Renico v. Lett, ____ U.S.

____, 130 S. Ct. 1855, 1866 (2010).  See also Cullen v. Pinholster, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a per curiam decision without a written opinion the state appellate court affirmed the denial of Johnson's Rule 3.850 motion to vacate.  (Respondent's Exhibit 16) The state appellate court's per curiam affirmance warrants deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).  See also Richter, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

Pinholster, 131 S. Ct. at 1398.  Johnson bears the burden of overcoming a state court factual determination by clear and convincing evidence.  "[A] determination of a factual

issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). The state court's rejection of Johnson's post-conviction claims warrants deference in this case. (Respondent's Exhibits 5 and 12)

## INEFFECTIVE ASSISTANCE OF COUNSEL

Johnson claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S. Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Johnson must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, Johnson must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."

- 8 -

466 U.S. at 690-91.  Johnson cannot meet his burden merely by showing that the

avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in whether
> the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v.

United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial

lawyers, in every case, could have done something more or something different.  So,

omissions are inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or

appropriate, but only what is constitutionally compelled.'") (en banc) (quoting Burger v.

Kemp, 483 U.S. 776, 794 (1987)).  See also Jones v. Barnes, 463 U.S. 745, 751 (1983)

(counsel has no duty to raise a frivolous claim).

Johnson must prove that the state court's decision was "(1) . . . contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States or (2) . . . based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).  In determining "reasonableness," a federal petition

for the writ of habeas corpus authorizes an independent assessment of "whether the

state habeas court was objectively reasonable in its Strickland inquiry" but not an

independent assessment of whether counsel's actions were reasonable.  Putnam v.

Head, 268 F.3d 1223, 1244 n.17 (11th Cir. 2001), cert. denied, 537 U.S. 870 (2002).

Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he

standards created by <u>Strickland</u> and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." <u>Richter</u>, 131 S. Ct. at 788. <u>See also</u> <u>Pinholster</u>, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly deferential' standard of <u>Strickland</u> and the AEDPA."), and <u>Johnson v. Sec'y, Dep't of Corr.</u>, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.").

Although the state court's order omits citing <u>Strickland</u> as the standard for an ineffective assistance of counsel claim, the state post-conviction court analyzed each ineffective assistance of counsel claim consistent with <u>Strickland</u>. No explicit citation to <u>Strickland</u> is required. A state court need not cite Supreme Court precedent (or even be aware of it) if the decision is consistent with the precedent. <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002); <u>Parker v. Sec'y of Dep't of Corr.</u>, 331 F.3d 764, 775-86 (11th Cir. 2003). In Florida, <u>Strickland</u> governs an ineffective assistance of counsel claim. <u>Walls v. State</u>, 926 So.2d 1156 (Fla. 2006). Johnson specifically argued <u>Strickland</u>'s deficient performance and prejudice test throughout his petition for post-conviction relief. (Respondent's Exhibit 4) Consequently, Johnson must show that the state court's ruling was either an unreasonable application of <u>Strickland</u>'s principle or an unreasonable determination of the facts. The presumption of correctness and the highly deferential standard of review requires that the analysis of each claim begin with the state court's analysis.

<u>Ground Eleven</u>:

Johnson alleges that trial counsel failed to advise him that, notwithstanding his plea of <u>nolo</u> <u>contendere</u>, he would have to admit his guilt to successfully complete sex offender conditional release or probation.  The post-conviction court rejected this claim as follows (Respondent's Exhibit 12 at 2-3):

> The Defendant claims counsel advised him to plea <u>nolo</u> <u>contendere</u>, but he failed to advise him that he would have to admit guilt to complete sex offender conditional release or probation.
>
> The State Attorney responded that the court should deny the Defendant's claim in that the case relied on by the Defendant is distinguishable and the Defendant admitted his guilt in a pre-trial jail conversation with his sister. The Defendant's Motion is denied.  The court finds that the Defendant's reliance on <u>Brown v. State</u>, 943 So. 2d 899 (Fla. 5th DCA 2006), is misplaced because the Defendant did not allege that he refused a plea offer because he was required to plead guilty and the Defendant has not suffered the consequences of refusing to admit his guilt as the defendant in <u>Brown</u> encountered.  <u>See</u> <u>Brown</u> at 900-901.  Additionally, the Defendant's present complaint about counsel's misadvice does not meet the definition of a direct consequence of a plea entitling the Defendant to a withdrawal of his plea because the Defendant's failure to admit his guilt during sex offender treatment counseling has not automatically resulted in unsuccessful completion of the counseling and, thus, constituted a probation violation.  <u>Id.</u> at 901.  Finally, the Defendant, although the court cannot rely solely on extra-record information in denying this claim, admitted his guilt in his pretrial statements to his sister.

The state court's rejection of this ground is not an unreasonable application of <u>Strickland</u>.  Johnson cannot show deficient performance because, in his closing remarks after the sentence was imposed, defense counsel stated, "In addition, judge, for the record, I provided [Johnson] a copy of [both] the Jimmy Ryce Act [and] sex offender probation" requirements.  To prove prejudice Johnson "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985).

Johnson cannot show prejudice because his decision to accept the plea agreement was his acquiescing to the twenty-eight-year sentence instead of the mandatory life sentence.  During the plea colloquy Johnson admitted to "respecting my attorney's professionalism" regarding the likely outcome of a trial.  (Respondent's Exhibit 1 at 15)  Evaluating the evidence and determining the chances for prevailing at trial are trial counsel's responsibility in helping the client decide whether to accept a plea bargain or proceed to trial.  See, e.g., Tollett v. Henderson, 411 U.S. 258, 268 (1973) ("A prospect of plea bargaining, the expectation or hope of a lesser sentence, or the convincing nature of the evidence against the accused are considerations that might well suggest the advisability of a guilty plea . . . ."), and North Carolina v. Alford, 400 U.S. 25, 31 (1970) ("That he would not have pleaded except for the opportunity to limit the possible penalty does not necessarily demonstrate that the plea of guilty was not the product of a free and rational choice, especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage.").

Ground Twelve:

Johnson alleges that trial counsel's cumulative errors—alleged in the preceding grounds—caused his plea to be a "coerced plea."  The post-conviction court rejected this claim as follows (Respondent's Exhibit 12 at 3):

> The Defendant points to his various claims of ineffective assistance of counsel and argues that his plea was rendered involuntary by those failures.

> The State Attorney responded that the Defendant's claim should be denied because none of his individual claims prevail.

The Defendant's Motion is denied.  See Bryan v. State, 748 So. 2d 1003, 1008 (Fla. 1999) (affirming denial of cumulative error claim where individual allegations of error were found to be without merit).

The court declines, despite the State's request for the court to issue a finding that the Defendant's Motion was frivolous, to issue a notification to the Department of Corrections that the Defendant has brought a frivolous inmate claim.  The Defendant's Motion, although lacking in merit, is not one that, "on its face, is 'so readily recognizable as devoid of merit . . . that there is little, if any, prospect whatsoever that it can ever succeed." Yasir v. Hancock, 868 So. 2d 670, 672 (Fla. 2d DCA 2004) (quoting Mercade v. State, 698 So. 2d 1313, 1315 (Fla. 2d DCA 1997).

Johnson's present allegation—that he was coerced into pleading nolo contendere because of counsel's cumulative errors—is refuted by the record.  During the plea colloquy Johnson specifically represented that his plea was his "own voluntary choice" and that he did not feel "threatened or coerced in any way into entering" his plea. (Respondent's Exhibit 1 at 15)  The trial judge found "the pleas to have been voluntarily and freely entered . . . ."  (Respondent's Exhibit 1 at 19)  Johnson is bound by his representation when he pleaded and the trial judge's finding when the plea was accepted. "[T]he representations of the defendant . . . [at the plea proceeding] as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.  Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977).  The state court's rejection of this ground is not an unreasonable application of Strickland.

Accordingly, Johnson's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Johnson and close this case.

# CERTIFICATE OF APPEALABILITY

Rule 11(a), Rules Governing Section 2254 Cases, requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." As stated in Slack v. McDaniel, 529 U.S. 473, 483-84 (2000):

> To obtain a COA under § 2254(c), a petitioner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 ("sum[ming] up" the "substantial showing" standard).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. This construction gives meaning to Congress' requirement that a prisoner demonstrate substantial underlying constitutional claims and is in conformity with the meaning of the "substantial showing" standard provided in Barefoot, supra, at 893, and n.4, 102 S. Ct. 3383 . . . .

An applicant need not show probable success on appeal, but the issuance of a certificate of appealability entails more than "mere good faith" or only the "absence of frivolity." As stated in Miller-El v. Cockrell, 537 U.S. 322, 338 (2003):

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in Slack [v. McDaniel, 529 U.S. 473 (2000)], "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484, 120 S. Ct. 1595.

Because jurists of reason would not fairly debate whether the petition states a valid claim of the denial of a constitutional right, a certificate of appealability is unwarranted.

Accordingly, a certificate of appealability is **DENIED**. Leave to proceed in forma pauperis on appeal is **DENIED**. Johnson must pay the full $455 appellate filing fee without installments unless the circuit court allows Johnson to proceed in forma pauperis.

ORDERED in Tampa, Florida, on October 3, 2011.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE